UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

APR 2 1 2021

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **4:21CR264 SEP/PLC** |
| ROSE ANN SHAW, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

1.    The United States Small Business Administration (hereinafter "SBA") is an executive-branch agency of the United States government that provides support to entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in economic recovery after disasters.

2.    To aid this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders.  These loans have government-backed guarantees.

3.    The Coronavirus Aid, Relief, and Economic Security (hereinafter "CARES") Act is a federal law that was enacted in March 2020 to provide emergency financial assistance to the millions of Americans suffering the economic impact caused by the COVID-19 pandemic.  One source of relief provided for in the CARES Act is the authorization of forgivable loans to small

businesses for job retention and certain other expenses, through the Paycheck Protection Program (hereinafter "PPP").

4.      To obtain a PPP loan, a qualifying business is required to submit a PPP loan application, signed by an authorized representative of the business.  The PPP loan application requires the business to acknowledge the program rules and make certain affirmative certifications in order to obtain the PPP loan.  In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) is required to certify: (a) that the small business was in operation on February 15, 2020; (b) average monthly payroll expenses; and (c) number of employees.  These certifications are used to calculate the amount of money the small business is eligible to receive under the PPP.  In addition, businesses applying for PPP loans are required to submit documentation supporting their payroll expenses.

5.      A PPP loan application is then processed by a participating lender.  If a PPP loan application is approved, the participating lender funds the loan using its own monies, which are then guaranteed by the SBA.

6.      PPP loan funds are required to be used on certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities for the business.  Under the applicable PPP rules and guidance, the interest and principal on the PPP loan is eligible for forgiveness if the business spent the loan proceeds on these expense items within a designated period of time and used a certain portion of the loan toward payroll expenses.

7.      Cross River Bank, headquartered in Fort Lee, New Jersey, is a financial institution within the meaning of Title 18, United States Code, Section 20, the deposits of which are insured by the Federal Deposit Insurance Corporation.

8.     Cross River Bank uses lender service providers (hereinafter "LSP") to conduct underwriting and processing of PPP loan applications ultimately funded by Cross River Bank. Kabbage is an LSP that Cross River Bank uses to underwrite and process PPP loan applications.

9.     Funding Circle is an online commercial lender headquartered in San Francisco, California that accepts, reviews, approves, and funds PPP loan applications.

10.    Funding Circle uses Wells Fargo Bank in San Francisco, California to wire funds to loan recipients once loans are reviewed and approved by Funding Circle.

11.    **Defendant Rose A. Shaw** is a resident of St. Louis County, Missouri, in the Eastern District of Missouri.

12.    Defendant Shaw filed Articles of Organization with the Missouri Secretary of State for Shaw Brokerage Real Estate Investment Firm, LLC on October 9, 2001. Defendant Shaw is listed as the sole organizer of the LLC. On the same day, Defendant Shaw registered Shaw Investments as a fictitious name with the Missouri Secretary of State, and listed Shaw Brokerage Real Estate Investment Firm, LLC as the 100% owner of the business. Defendant Shaw filed a new registration on May 31, 2016 for Shaw Investments, LLC, again listing Shaw Brokerage Real Estate Investment Firm, LLC as having 100% ownership of the business. Defendant Shaw is listed as the sole owner of Shaw Brokerage Real Estate Investment Firm, LLC.

13.    On April 28, 2010, Defendant Shaw filed Articles of Incorporation with the Missouri Secretary of State for Vision, LLC, again listing herself as the sole organizer of the business.

### COUNTS I-II
(BANK FRAUD: 18 U.S.C. § 1344)

### THE SCHEME TO DEFRAUD

14.    Paragraphs 1-13 are realleged and incorporated by reference as if fully set forth herein.

15.    In or about May 2020, in St. Louis, in the Eastern District of Missouri, the defendant,

**ROSE A. SHAW,**

devised and intended to devise a scheme and artifice to obtain moneys, funds, credits, assets, securities and other property owned by, or under the custody and control of Cross River Bank, a financial institution, by means of false and fraudulent pretenses, representations, and promises.

**MANNER AND MEANS**

16.    It was part of the scheme to defraud that Defendant Shaw applied for PPP loans for Shaw Investment, LLC and Shaw Brokerage Real Estate Investment Firm, LLC with the intent to obtain loan proceeds from Cross River Bank.

17.    It was further part of the scheme to defraud that the defendant submitted two PPP loan applications, one for Shaw Investment, LLC and one for Shaw Brokerage Real Estate Investment Firm, LLC, to Kabbage.

18.    It was further part of the scheme that the defendant falsely and fraudulently represented on the PPP loan application for Shaw Brokerage Real Estate Investment Firm, LLC that the company had seven employees, when in truth and fact, the company had no employees other than Defendant Shaw.

19.    It was further part of the scheme that the defendant falsely represented in the PPP loan application for Shaw Brokerage Real Estate Investment Firm, LLC that the average monthly payroll for the seven fictitious employees was $54,256.00.

20.    It was further part of the scheme that the defendant falsely and fraudulently represented on the PPP loan application for Shaw Investment, LLC that the company had seven employees, when in truth and fact, the company had no employees other than Defendant Shaw.

21. It was further part of the scheme that the defendant falsely represented in the PPP loan application for Shaw Investment Firm, LLC that the average monthly payroll for the seven fictitious employees was $44,400.00.

22. It was further part of the scheme that by listing employees on her PPP loan applications who were not, in fact, employed by Shaw Investment, LLC or Shaw Brokerage Real Estate Investment Firm, LLC, Defendant Shaw falsely and fraudulently inflated the amount of PPP loan money to which she was entitled on behalf of her businesses.

23. It was further part of the scheme that but for Defendant Shaw's misrepresentations regarding the number of employees employed by Shaw Investment, LLC and Shaw Brokerage Real Estate Investment Firm, LLC, and the average monthly payroll of each business, Cross River Bank would not have issued PPP loan funds to Defendant Shaw.

24. On or about the dates set forth below in each individual count, in St. Louis, Missouri, in the Eastern District of Missouri, the defendant,

**ROSE A. SHAW,**

executed and attempted to execute the scheme and artifice set forth above, to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of Cross River Bank, which was a financial institution as defined in Title 18, United States Code, Section 20, by means of material false and fraudulent pretenses, representations, and promises, in that Defendant Shaw submitted false and fraudulent PPP loan applications to Kabbage for the purpose of obtaining money, funds, credits, assets, securities, and other property owned by, and under the custody and control of Cross River Bank, as described below for each count, each submission constituting a separate count:

| COUNT | DATE | LOAN APPLICATION | AMOUNT |
|---|---|---|---|
| I | May 11, 2020 | Loan 3621117402 Application for Shaw Investments, LLC submitted to obtain funds from Cross River Bank | $111,000.00 |
| II | May 29, 2020 | Loan 5112637809 Application for Shaw Brokerage Real Estate Investment Firm, LLC submitted to obtain funds from Cross River Bank | $135,638.00 |

All in violation of Title 18, United States Code, Section 1344.

## COUNT III
(WIRE FRAUD: 18 U.S.C. § 1343)

### THE SCHEME TO DEFRAUD

25.   Paragraphs 1-24 are realleged and incorporated by reference as if fully set forth herein.

26.   In or about August 2020, in St. Louis, in the Eastern District of Missouri, the defendant,

### ROSE A. SHAW,

devised and intended to devise a scheme and artifice to obtain money by means of false and fraudulent pretenses, representations, and promises.

### MANNER AND MEANS

27.   It was part of the scheme that in or about August 2020, Defendant Shaw applied for a PPP loan on behalf of her business Vision, LLC in the amount of $111,000.00.

28.   It was further part of the scheme that the defendant falsely and fraudulently represented on the PPP loan application for Vision, LLC that the company had seven employees, when in truth and fact, the company had no employees other than Defendant Shaw.

29.   It was further part of the scheme that the defendant falsely represented in the PPP loan application for Vision, LLC that the average monthly payroll for the seven fictitious employees was $44,400.00.

30.     It was further part of the scheme that but for Defendant Shaw's misrepresentations regarding the number of employees employed by Vision, LLC, and the average monthly payroll of the business, Funding Circle would not have issued PPP loan funds to Defendant Shaw.

31.     On or about the date set forth below, in the Eastern District of Missouri, the defendant,

## ROSE A. SHAW,

having devised and intended to devise a scheme to obtain money by means of materially false and fraudulent pretenses, representations and promises, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | WIRE TRANSACTION | AMOUNT |
|-------|------|------------------|--------|
| III | August 11, 2020 | Loan wired from Funding Circle Wells Fargo Bank account #xxxxxxxxxxx5806 to Vision, LLC Bank of America account #xxxxxxxx3414 | $111,000.00 |

In violation of, and punishable under, Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.     Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of offenses in violation of Title 18, United States Code, Section 1343 or 1344 as set forth in Counts I-III, **Defendant Rose A. Shaw** shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violations.  Subject to forfeiture is a sum of money equal to the total

value of any property, real or personal, constituting or derived from any proceeds traceable to such violation, which is at least $357,638.00.

      2.      If any of the property described above, as a result of any act or omission of the defendant:

          a.      cannot be located upon the exercise of due diligence;

          b.      has been transferred or sold to, or deposited with, a third party;

          c.      has been placed beyond the jurisdiction of the court;

          d.      has been substantially diminished in value; or

          e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

          A TRUE BILL.


          _____

          FOREPERSON

SAYLER A. FLEMING
United States Attorney


_____
LINDSAY L. MCCLURE-HARTMAN, #66070MO
Assistant United States Attorney